UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

**Dell Layfette Carter**, # 226198, *aka* Dell L. Carter and Dell Layfatte Carter,

Plaintiff,

vs.

**Lieutenant Hicks**; and **Jon Ozmint**, Director of SCDC,

Defendants.

**C/A No. 3:06-1791-TLW-JRM**

**Report and Recommendation**

---

## ***Background of this Case***

The plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC). The plaintiff is serving a forty-year sentence for convictions (entered on January 23, 1997, in the Court of General Sessions for York County) for armed robbery and assault and battery with intent to kill. The plaintiff has submitted a civil rights action.[1]

The defendants in this case are a Lieutenant at the Evans Correctional Institution and the Director of the South Carolina Department of Corrections. In the complaint (Entry No. 1), which is not on the court-approved Section

[1] In the spring of 2005, the Office of the Clerk of Court implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1983 form, the plaintiff alleges that Lieutenant Hicks has imposed mass punishment on inmates of an entire dorm (the "Santee" Dorm at the Evans Correctional Institution) by requiring inmates to remain in their cells after a "head count." The plaintiff contends that the collective punishment is a ruse for retaliation against him for filing a civil rights action, Carter v. Ozmint, 3:06-1189-TLW-JRM (D.S.C. 2006).[2]

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review[3] has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319,

---

[2]Service of process was not authorized in Dell Carter v. Jon Ozmint, *et al.*, Civil Action No. 3:06-1189-TLW-JRM. Hence, no summons was issued in that case. In a Report and Recommendation filed in Civil Action No. 3:06-1189-TLW-JRM on April 26, 2006, the undersigned recommended summary dismissal of the case. The plaintiff's objections to the Report and Recommendation in Civil Action No. 3:06-1189-TLW-JRM are pending before the District Court.

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[4] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent

[4]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

This case is subject to summary dismissal because the plaintiff is "struck out" under the "three strikes" rule of the Prison Litigation Reform Act. It can be judicially noticed that the plaintiff has filed more than three prior frivolous cases in this court. *See* 28 U.S.C. § 1915(g). The cases in which "strikes" have been entered against the plaintiff are Dell L. Carter v. Clover Police Department, *et al.*, Civil Action No. 3:98-3761-19BC; Dell L. Carter v. Clover Police Department, *et al.*, Civil Action No. 3:99-1484-19BC; Dell L. Carter v. Judge Costa Pleicones, Civil Action No. 3:99-1800-19BC; Dell L. Carter v. Jason Derham Cole, South Carolina Circuit Judge, Civil Action No. 3:99-1813-19BC; Dell L. Carter v. Willy Thompson, Civil Action No. 3:00-0423-19BC; Civil Action No. Dell L. Carter v. Edward H. Harvey, 3:00-0525-19BC; Dell L. Carter v. Rema K. Gantt, Court Reporter, Civil Action No. 3:00-1823-19BC; Dell L. Carter v. Moss Justice Center, Civil Action No. 3:02-1682-19BC; Dell L. Carter v. State of South Carolina, *et al.*,

Civil Action No. 3:02-2014-25BC; Dell L. Carter v. State of South Carolina, *et al.*, Civil Action No. 3:03-0011-25BC; and Dell L. Carter v. Walter William Thompson, Associate Solicitor for Sixteen Judicial Circuit, *et al.*, Civil Action No. 3:04-0772-25BC.[5]

In the above-captioned case, this District Court may take judicial notice of the eleven (11) cases in which "strikes" have been entered. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992). Those prior cases reveal that the plaintiff has repeatedly filed frivolous litigation in this court. The Prison Litigation Reform Act bars further

[5]These cases were assigned when the Office of the Clerk of Court was using a different system of listing case numbers. *See* footnote 1, supra.

civil rights actions because the plaintiff is not in any imminent danger of serious physical injuries from the defendants in the above-captioned case. *See* Section 804(g) of the Prison Litigation Reform Act, which has been codified as 28 U.S.C. § 1915(g). Under Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296, and the Prison Litigation Reform Act, this court may take judicial notice of prior frivolous litigation filed by the plaintiff, and dismiss the above-captioned case under the "three strikes" rule. *See* 28 U.S.C. § 1915(g); and *cf. also* Green v. Nottingham, 90 F.3d 415, 417-420, 1996 U.S.App. LEXIS®16431 (10th Cir. 1996)(three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively).[6]

The Congress has determined that prisoners subject to the "three strikes" rule have no remedy for actions that do not place them under imminent danger of serious physical injury. *See* Banos v. O'Guin, 144 F.3d 883, 1998 U.S.App. LEXIS® 15053 (5th Cir.1998)(to avoid bar under imminent danger exception to "three-strikes" provision, prisoner must be in imminent danger at time he seeks to file suit in district court, rather than at time of the alleged incident that serves as basis for the complaint). *See also* Witzke v. Hiller, 966 F. Supp. 538, 539, 1997 U.S.Dist. LEXIS® 7180

[6]All eleven (11) "strikes" were entered in cases filed by the plaintiff after the enactment of the PLRA.

(E.D.Mich. 1997)(district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426, 1997 U.S.Dist. LEXIS® 12968 (E.D.Mich. 1997).

It must also be noted that the “three-strikes” rule is a Congressional enactment that applies nationwide, and was not a judicially-created rule. The Congress, however, has determined that prisoners, such as the plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. *See* Senate Select Committee on Presidential Campaign Activities v. Nixon, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973)(*paraphrasing* Job 1:21 (Authorized Version of 1611 [”King James” version]): ”When it comes to the jurisdiction of the federal courts, truly to paraphrase the scripture, the Congress giveth and the Congress taketh away.”). Even so, this case is not the first instance where new laws have retroactively affected plaintiffs. *See also* statutes changing altering statutes of limitations, such as those at issue in the case entitled In Re TMI [Three-Mile Island Litigation], 89 F.3d 1106, 1996 U.S.App. LEXIS® 17609 (3rd Cir. 1996), *cert. denied*, Aldrich v. General Public Utilities Corp., 519 U.S. 1077, 136 L.Ed.2d 678, 117 S.Ct. 739, 1997 U.S. LEXIS® 321 (1997)(upholding amendments to Price-Anderson Act retroactively applying

two year limitations period to plaintiffs who filed suit under then-applicable six-year statute of limitations). *Cf.* Bay View, Inc. v. AHTNA, Inc., 105 F.3d 1281, 1283, 1997 U.S.App. LEXIS® 1367 (9th Cir. 1997)("Congress giveth and it taketh away."); NGS American, Inc. v. Barnes, 998 F.2d 296, 298, 1993 U.S.App. LEXIS® 20972 (5th Cir. 1993)("As Congress giveth, Congress taketh away."); and Mirabal v. GMAC, 537 F.2d 871 (7th Cir. 1976).[7] The plaintiff, however, is clearly subject to the Prison Litigation Reform Act (PLRA) because the above-captioned case was filed more than ten years after the enactment of the PLRA on April 26, 1996.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *,

[7]Unrelated portions of the holding in Mirabal v. GMAC — whether interest rate increases constituted new transactions and how many recoveries were allowed for separate violations of the Truth in Lending Act — were superannuated by statutory changes made to the Truth in Lending Act in 1980. *See* the Truth in Lending Simplification and Reform Act of 1980, 94 U.S.Stat. 168 (1980), which is cited in Brown v. Marquette Savings and Loan Assn., 686 F.2d 608 (7th Cir. 1982), which overruled, in part, Mirabal v. GMAC.

1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

July 31, 2006
Columbia, South Carolina

s/Joseph R. McCrorey
United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
# The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**